70 F.3d 1289
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
NETWORK SOLUTIONS, INC., Appellant,
v.
Sheila E. WIDNALL, Secretary of the Air Force, Appellee.
 No. 94-1480.
 United States Court of Appeals, Federal Circuit.
 Aug. 23, 1995.
 
 Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.
 DECISION
 SCHALL, Circuit Judge.
 
 
 1
 Network Solutions, Inc. (NSI) appeals from the July 27, 1994 decision of the General Services Administration Board of Contract Appeals (Board) in Network Solutions, Inc. v. Department of the Air Force.[1] In that decision, the Board dismissed for lack of jurisdiction NSI's Motion for Award of Protest and Proposal Costs. NSI had moved the Board under 40 U.S.C. Sec. 759(f)(5)(C) for the protest and proposal costs it incurred in connection with the successful protest of an award by the Air Force of the Local Area Networks for Systems Engineering Installation and Integration (LAN SEII) contract to Electronic Data Systems Corporation.[2] We reverse and remand with instructions to reinstate NSI's motion.
 
 DISCUSSION
 
 2
 Following the successful protest, NSI and the Air Force entered into a settlement agreement regarding NSI's claim for protest costs. Thereafter, we vacated as moot the Board's decision sustaining NSI's protest, and remanded the case to the Board with directions to dismiss, which the Board did. The Board subsequently dismissed for lack of jurisdiction NSI's motion for costs because it concluded that our vacatur order had stripped the underlying protest decision of its precedential effect, thereby eliminating any statutory basis for awarding NSI its costs.
 
 
 3
 In our decision in PRC Inc. v. Widnall, No. 94-1481 (Aug. 17, 1995), we addressed an appeal similar to NSI's arising from the LAN SEII procurement. For the reasons set forth in PRC, we reverse the decision of the Board in this case, and remand with the instruction that the Board reinstate NSI's motion for costs.
 
 
 4
 Each side shall bear its own costs.
 
 
 
 [1]
 GSBCA No. 11863-C (11498-P), 94-3 BCA p 27,160
 
 
 [2]
 See 40 U.S.C. Sec. 759(f)(5)(C) (1988) (amended 1994). 94-1480